UNIROYAL GOODRICH TIRE
COMPANY, Plaintiff,

v.

Jamie RIDDLE, Defendant.

Civ. A. No. 93–D–1285–E.

United States District Court,
M.D. Alabama,
Eastern Division.

March 18, 1994.

Fred W. Suggs, Jr., Ogletree, Deakins,
Nash, Smoak & Stewart, Greenville, SC, for
plaintiff.

John Lee Quinn, Robert M. Weaver, Long-
shore, Nakamura & Quinn, Birmingham, AL,
for defendant.

## MEMORANDUM OPINION AND ORDER

De MENT, District Judge.

This matter is now before the court on
plaintiff Uniroyal's motion to remand, filed
November 18, 1993. Defendant Jamie Rid-
dle filed his response on December 15, 1993.
For the reasons set forth below, the motion
to remand is due to be denied.

### Facts

Uniroyal Goodrich Tire Company ("Uni-
royal") is a corporation which manufactures
tires at its Opelika plant located in Lee
County, Alabama. The defendant, Jamie
Riddle, is alleged to be a former employee of
Uniroyal.[1] According to the complaint, Uni-

---

1. However, the defendant maintains that he is
still an employee of the plaintiff because an arbi-
trator during the arbitration hearing reinstated
the defendant to his employment.

royal became the target of several episodes of sabotage on its machinery. These episodes resulted in significant damage to Uniroyal's machinery and a disruption to the operation of the plant.

Riddle worked as a maintenance electrician whose duties were to operate and maintain the machinery. On the night of September 22, 1992, Riddle was working the night shift at the plant.[2] Uniroyal contends that while working this shift, Riddle maliciously and intentionally damaged the machinery, specifically the Number 14 Banbury Mixer. The defendant was promptly discharged from his employment with Uniroyal. Riddle then filed a grievance with his Union. The matter went before an arbitrator, pursuant to Uniroyal's and the Union's collective bargaining agreement. The arbitrator found in favor of Riddle and reinstated the defendant to his position with Uniroyal. Thereafter, Uniroyal filed suit in state court against Riddle for wanton misconduct, negligence, trespass *vi et armis*, and tortious breach of loyalty.[3] The defendant removed the action to this court on the basis that Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) (1978), preempts the state law causes of action. Plaintiff now seeks to remand the case.

## Discussion

Section 301 of the Labor Management Relations Act states that:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without respect to the citizenship of the parties.

29 U.S.C. § 185(a) (1978). § 301 has been interpreted as having broad preemption powers over state-law contract actions which involve a collective bargaining agreement. In recent cases, the pre-emptive nature of this section has also been expanded to cover some state law tort actions. *See Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). In expanding § 301's pre-emption powers, the Supreme Court reasoned that parties could "evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract." *Lueck,* 471 U.S. at 211, 105 S.Ct. at 1911. Thus, the Court held that:

questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance....

*Id.*

■■■ The test in determining whether a tort claim is preempted under § 301 is whether that claim is "inextricably intertwined with consideration of the terms of the labor contract." *International Bhd. of Elec. Workers, AFL–CIO v. Hechler,* 481 U.S. 851, 857, 107 S.Ct. 2161, 2165, 95 L.Ed.2d 791 (1987) (citing *Lueck,* 471 U.S. at 213, 105 S.Ct. at 1912). If state law tort claims are "sufficiently independent of the collective bargaining agreement," they will withstand the pre-emptive force of § 301. However, if Uniroyal's state law tort causes of action, i.e. wanton misconduct, negligence, trespass, and breach of duty of loyalty, necessarily rest on an interpretation of the terms in the collective bargaining agreement between Uniroyal and the Union, then § 301 preempts this action and Uniroyal's motion to remand must be denied.

Uniroyal asserts that its state law tort claims are totally independent of the collective bargaining agreement and would not require an interpretation of any terms of the agreement. Uniroyal contends that "[r]esolution of the tort claims brought against

---

**2.** The hours of the night shift are 11:00 p.m. to 7:00 a.m.

**3.** Riddle has also filed a suit in this court seeking to enforce the arbitration award. Uniroyal has filed a counterclaim which seeks to vacate the arbitrator's award. It is for this reason that Uniroyal still refers to Riddle as "a former employee."

[Riddle] depends solely upon duties flowing from common law and will not require consideration of the collective bargaining agreement." [Uniroyal's Br. in Supp. of Mot. to Remand at 4]. Therefore, the plaintiff argues that this action is not preempted by § 301 and the case should be remanded. Riddle asserts that his duty to Uniroyal arises out the collective bargaining agreement and, therefore, any inquiry into his duty will necessarily require an interpretation of the agreement.

■ The court agrees with Uniroyal with respect to its claims of wanton misconduct and trespass *vi et armis*. In these claims, Uniroyal alleges that Riddle intentionally damaged its machinery. Clearly, the duty not to intentionally damage the property of others arises out of common law and is a duty that an individual owes to every member of society. It follows that to determine whether or not Riddle violated this duty will not require an interpretation of the collective bargaining agreement and thus these claims would not be preempted by § 301.

■ However, the negligence claim involves a separate and distinct duty. In a negligence action, the duty is to exercise due care. In *United Steelworkers of America, AFL–CIO–CLC v. Rawson*, 495 U.S. 362, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990), survivors of miners killed in an underground fire brought suit against the miners' union alleging negligence in its conductance of safety inspections. The Court held that the negligence action was preempted by § 301 because the tort claim was not sufficiently independent of the parties' collective bargaining agreement. *Rawson*, 495 U.S. at 371, 110 S.Ct. at 1910. The Court reasoned that since:

> the Union's representatives were participating in the inspection process pursuant to the provisions of the collective-bargaining agreement and that the agreement determined the nature and scope of the Union's duty[,] [i]f the Union failed to perform a duty in connection with the inspection, it was a duty arising out of the collective bargaining agreement signed by the Union as the bargaining agent for the min-

ers. Clearly, the enforcement of that agreement and the remedies for its breach are matters governed by federal law.

*Id.* at 371, 110 S.Ct. at 1910. The Court added that "[t]his is not a situation where the Union's delegates are accused of acting in a way that might violate the duty of reasonable care owed to every person in society." *Id.*

Following the holding in *Rawson*, the court in *Clarke v. Laborers' International Union of North America, AFL–CIO*, 916 F.2d 1539 (11th Cir.1990), held that the plaintiff's claim that the defendants negligently failed to perform their duty to insure a safe workplace was preempted by § 301. The plaintiff had argued that the union voluntarily assumed the duty which it negligently performed and, therefore, was liable under state law. The court rejected that argument, stating that the claim could not be "considered independent of the collective bargaining agreement since the claim would necessarily require an examination of the parties' obligations under the agreement." *Clarke*, 916 F.2d at 1542.

It is clear that Uniroyal's negligence claim falls within the ambit of *Rawson* and *Clarke*. Uniroyal's complaint states that Riddle "breached his duty owed to Plaintiff by failing to perform his job as a maintenance electrician with due care." [Pl.['s] Compl. at 3]. This clearly is not a situation where the defendant is accused of violating a duty of reasonable care owed to every person in society. *See Rawson*, 495 U.S. at 371, 110 S.Ct. at 1910. Riddle's duty specifically arises out of his job as a maintenance electrician. It logically follows that to determine his duty as a maintenance electrician would necessarily require an examination of Riddle's obligations under the collective bargaining agreement. The negligence action is simply not sufficiently independent of the agreement to prevent preemption of § 301. Accordingly, the court finds that Uniroyal's negligence claim is inextricably intertwined with consideration of the terms of the collective bargaining agreement and is, therefore, preempted by § 301 of the Labor Manage-

ment Relations Act, 29 U.S.C. § 185(a) (1978).[4]

It is, therefore, CONSIDERED and ORDERED that plaintiff Uniroyal's motion to remand be and the same is hereby DENIED.

The court, having found that the negligence action is preempted and that jurisdiction is proper in this court, asserts its supplemental jurisdiction over the remaining state law claims, pursuant to 28 U.S.C. § 1367 (1993).

---

**4.** Plaintiff has cited *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), in support of his argument that the instant action is not preempted. In *Lingle*, the Court held that plaintiff's state court action for retaliatory discharge was not preempted by § 301 because the elements involved in the claim does not require interpretation of the collective bargaining agreement. *Lingle* is clearly distinguishable from the present action in that an element of negligence, i.e. breach of duty, is "inextricably intertwined" with the interpretation of the collective bargaining agreement and is, therefore, preempted.